IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INSPIRE MEDICAL SYSTEMS, INC.,　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　v.　　　　　　　　　)　　C.A. No. 25-667 (RGA)
　　　　　　　　　　　　　　　　)
NYXOAH, INC., and　　　　　　　)
NYXOAH SA,　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　)

**DECLARATION OF MICHAEL A. MORIN IN SUPPORT OF PLAINTIFF INSPIRE
MEDICAL SYSTEMS, INC.'S OPPOSITION TO MOTION TO DISQUALIFY
PLAINTIFF'S COUNSEL**

I, Michael A. Morin, declare and state as follows:

1.　　I am a partner with the law firm of Latham & Watkins LLP ("Latham"), 555
Eleventh Street, NW, Suite 1000, Washington, D.C. 20004, and am lead counsel for Plaintiff
Inspire Medical Systems, Inc. ("Inspire") in the above-captioned action.  I submit this Declaration,
together with the attached exhibits, in support of Plaintiff's Opposition to Defendants' Motion to
Disqualify Counsel.  I am familiar with all of the facts, circumstances, and documents set forth
herein, and if I am called upon to testify, I could testify competently thereto.

2.　　I have consulted with each member of the Latham litigation team, and can confirm
that no one (including myself) was aware of or exposed to any information (confidential or
otherwise) related to Latham's work representing underwriters and banks adverse to Nyxoah SA
("Nyxoah") in the financings from 2021-2025 prior to receiving Nyxoah's initial letter
(Declaration of Monté Squire (hereinafter "Squire Decl."), Ex. 1).

3.　　After receiving Nyxoah's letter, Latham established a formal wall to ensure that no
allegedly-confidential Nyxoah information can be shared going forward.  This wall separates those

Latham attorneys who worked on the above-referenced financings adverse to Nyxoah from 2021-2025 from those Latham attorneys associated with this litigation (none of whom overlap).

4.      None of the Latham attorneys who worked on the Nyxoah financial transactions from 2021-2025 have been involved in this litigation, nor will they be.

5.      I led the preparation of the Complaint in this litigation, and can confirm that no Nyxoah confidential information was used.

6.      Latham's IT department has confirmed that, to the extent any Nyxoah documents had been downloaded to Latham's file system, they would not have been accessible by attorneys not working on those matters (such as the litigation team) due to the default no-access nature of the system.

7.      Latham's IT department has also confirmed that no work product (e.g., Word or PowerPoint documents) that was stored on Latham's iManage system under a matter number associated with any of the Nyxoah financial transactions was ever accessed by any member of the litigation team.

8.      During a meet and confer on August 12, 2025, I repeatedly requested that Nyxoah identify any case where counsel to an underwriter adverse to an issuer was disqualified in a subsequent proceeding adverse to the issuer.  Nyxoah's counsel demurred and responded that he had not yet read the final version of the motion Nyxoah intended to file.  During this meet and confer, I expressed disappointment that Nyxoah had not responded to the letter we sent on July 25, 2025 (Squire Decl., Ex. 2) setting forth our positions, and asked Nyxoah to do so.  Nyxoah's counsel did not agree and, indeed, never did so.

9.      Attached as Exhibit 1 is a true and correct copy of Inspire's May 28, 2025 letter informing Nyxoah and Nyxoah Inc. of their infringement of certain Inspire patents.

2

10.     Attached as Exhibit 2 is a true and correct copy of Nyxoah's April 8, 2025 press release announcing receipt of an FDA approvable letter for its Genio System.

11.     Attached as Exhibit 3 is a true and correct copy of Nyxoah's 2024 Annual Report.

12.     Attached as Exhibit 4 is a true and correct copy of Nyxoah's March 13, 2025 press release announcing Fourth Quarter and Financial Year 2025 Financial and Operating Results.

13.     Attached as Exhibit 5 is a true and correct copy of Nyxoah's Q1 2025 Earnings Call transcript.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 29th day of August 2025.


/s/ Michael A. Morin
Michael A. Morin (admitted *pro hac vice*)

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 29, 2025, upon the following in the manner indicated:

Monté T. Squire, Esquire                                    *VIA ELECTRONIC MAIL*
DUANE MORRIS LLP
1201 North Market Street, Suite 501
Wilmington, DE 19801
*Attorneys for Defendants Nyxoah, Inc.*
*and Nyxoah SA*

Anthony J. Fitzpatrick, Esquire                             *VIA ELECTRONIC MAIL*
Charlotte Drew, Esquire
DUANE MORRIS LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
*Attorneys for Defendants Nyxoah, Inc.*
*and Nyxoah SA*

L. Norwood Jameson, Esquire                                 *VIA ELECTRONIC MAIL*
DUANE MORRIS LLP
1075 Peachtree Street, NE, Suite 1700
Atlanta, GA 30309-3929
*Attorneys for Defendants Nyxoah, Inc.*
*and Nyxoah SA*

Jarrad M. Gunther, Esquire                                  *VIA ELECTRONIC MAIL*
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
*Attorneys for Defendants Nyxoah, Inc.*
*and Nyxoah SA*

*/s/ Anthony D. Raucci*
_____
Anthony D. Raucci (#5948)