IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INSPIRE MEDICAL SYSTEMS, INC., | ) |
|     Plaintiff and Counterclaim Defendant, | ) ) ) ) |
| v. | ) C.A. No. 25-667 (RGA) |
| NYXOAH, INC., and NYXOAH SA, | ) **JURY TRIAL DEMANDED** ) ) |
|     Defendants and Counterclaim Plaintiffs. | ) ) |

**[PROPOSED] ORDER REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION**

1.  **Purpose.** This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules.

2.  **General Provisions.**

    a.  **Cooperation.** Parties are expected to reach agreements cooperatively on how to conduct discovery under Fed. R. Civ. P. 26-36. The following default standards shall apply until further order of the Court or the parties reach further agreement.

    b.  **Proportionality.** Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information,[1] subject to reasonable limitations including limits on custodians, limits on the scope of relevant subject matter, limitations on the production of ESI, limitations on the time periods for discovery, and other parameters to limit and guide preservation and discovery issues.

---

[1] Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

1

    c.  **Preservation of Discoverable Information.** A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control, regardless of the parties' agreement to limit the scope of collection or production of relevant information.

      i.  Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control.

      ii.  Absent a showing of good cause by the requesting party, the categories of ESI identified in Schedule A attached hereto need not be preserved.

    d.  **Privilege.**

      i.  The parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

      ii.  With respect to information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

      iii.  Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

      iv.  The parties agree to exchange initial privilege logs ten days after the date set for substantial completion of document production.

      v.  The parties are to comply with the procedures for addressing inadvertent disclosure in accordance with the Protective Order in this matter.

3. **Initial ESI Disclosures**. Within thirty (30) calendar days after the entry of this Order, each party shall disclose:

a. **Custodians.** The seven (7) custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely. The custodians shall be identified by name, title, role in the instant dispute, and the subject matter of the information.

i. To the extent that an identified custodian has zero or minimal responsive documents in its possession, custody, or control, the parties agree to negotiate in good faith to identify a substitute custodian.

b. **Non-custodial data sources.**[2] A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely.

c. **Notice.** The parties shall identify any issues relating to:

i. Any additional sources of ESI not identified in Schedule A (by type, date, custodian, electronic system or other criteria) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i).

ii. Third-party discovery under Fed. R. Civ. P. 45 and otherwise, including the timing and sequencing of such discovery.

iii. Production of information subject to privacy protections, including information that may need to be produced from outside of the United States and subject to foreign laws.

---

[2] That is, a system or container that stores ESI, but over which an individual custodian does not organize, manage, or maintain the ESI in the system or container (e.g., enterprise system or database).

Lack of proper notice of such issues may result in a party losing the ability to pursue or to protect such information.

4. **Specific E-Discovery Issues.**

   a. **On-site inspection of electronic media.** Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

   b. **Search methodology.**

      i. If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party. Absent a showing of good cause, a requesting party may request no more than 10 additional terms to be used in connection with the electronic search. Focused terms, rather than over-broad terms (e.g., product and company names), shall be employed. The producing party shall search (i) the non-custodial data sources identified in accordance with paragraph 3(b); and (ii) emails and other ESI maintained by the custodians identified in accordance with paragraph 3(a).

   c. **Format.** ESI and non-ESI shall be produced to the requesting party as text searchable image files (e.g., PDF or TIFF). When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable (i.e. such as within a document management system ("DMS"), the revision history. The parties shall produce their information in the following format: single page TIFF images and associated multi-page text files containing extracted text or OCR with a Concordance (e.g., .dat) file and an Opticon file, and the Concordance/.dat file will contain all requisite information including relevant metadata.

   d. **Color files.** If an original document contains color necessary to understand the meaning or content of the document, the Producing Party shall honor reasonable requests for a color

image and/or native file of the document. Color images should be produced in single-page JPEG format.

   e. **Password-Protected files.** Password-protected or otherwise encrypted documents must be produced in decrypted format. The Producing Party must make an attempt to unlock the document prior to production. If the Producing Party is unable to decrypt a document using reasonable standard forensic technologies, the Producing Party shall retain a listing of such documents.

   f. **Native files.** The only files that should be produced in native format are files not easily converted to image format, such as Excel and Access files.

   g. **Metadata fields.** The parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists: Custodian, File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).

 5. **Modification**.

This Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown. Any such modified Order will be titled sequentially as follows, "First Modified Order re: Discovery of Electronically Stored Information for Standard Litigation," and each modified Order will supersede the previous Order.

**IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:**

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | DUANE MORRIS LLP |
| /s/ *Anthony D. Raucci* | /s/ *Monté T. Squire* |
| Rodger D. Smith II (#3778) | Monté T. Squire (#4764) |
| Anthony D. Raucci (#5948) | 1201 North Market Street, Suite 501 |
| 1201 North Market Street | Wilmington, DE 19801 |
| P.O. Box 1347 | (302) 657-4900 |
| Wilmington, DE 19899 | mtsquire@duanemorris.com |
| (302) 658-9200 | |
| rsmith@morrisnichols.com | OF COUNSEL: |
| araucci@morrisnichols.com | |
| | L. Norwood Jameson |
| OF COUNSEL: | DUANE MORRIS LLP |
| | 1075 Peachtree Street, NE, Suite 1700 |
| Michael A. Morin | Atlanta, GA 30309-3929 |
| Rachel L. Weiner Cohen | |
| LATHAM & WATKINS LLP | Anthony J. Fitzpatrick |
| 555 Eleventh Street, NW, Suite 1000 | Charlotte Drew |
| Washington, DC 20004 | DUANE MORRIS LLP |
| (202) 637-2200 | 100 High Street, Suite 2400 |
| | Boston, MA 02110-1724 |
| Rachel R. Blitzer | |
| LATHAM & WATKINS LLP | Jarrad M. Gunther |
| 1271 Avenue of the Americas | DUANE MORRIS LLP |
| New York, NY 10020 | 30 South 17th Street |
| (212) 906-1200 | Philadelphia, PA 19103-4196 |
| | (215) 979-1837 |
| *Attorneys for Plaintiff* | |
| | *Attorneys for Defendants* |

September 30, 2025

       IT IS SO ORDERED this ___ day of _____, 2025

                          THE HONORABLE RICHARD G. ANDREWS
                          UNITED STATES DISTRICT JUDGE

## SCHEDULE A

1. Deleted, slack, fragmented, or other data only accessible by forensics.

2. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

3. On-line access data such as temporary internet files, history, cache, cookies, and the like.

4. Data in metadata fields that are frequently updated automatically, such as last-opened dates.

5. Automatically saved versions of documents.

6. Back-up data that are substantially duplicative of data that are more accessible elsewhere.

7. Voice and text messages.

8. Instant messages that are not ordinarily printed or maintained in a server dedicated to instant messaging.

9. Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.

10. Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere.

11. Logs of calls made from mobile devices.

12. Server, system or network logs.

13. Video and audio recordings.

14. Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

15. Data remaining from systems no longer in use that is unintelligible on the systems in use.

16. Information created or copied during the routine, good-faith performance of processes for the deployment, maintenance, retirement, and disposition of computer equipment.