## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INSPIRE MEDICAL SYSTEMS, INC.,<br><br>            Plaintiff /<br>            Counter-Defendant,<br><br>    v.<br><br>NYXOAH, INC. and<br>NYXOAH SA,<br><br>                Defendants /<br>                Counter-Plaintiffs. | C.A. No. 25-667-JCB<br>**CONSOLIDATED** |
| NYXOAH INC. and NYXOAH, SA,<br><br>            Plaintiffs /<br>            Counter-Defendants,<br><br>    v.<br><br>INSPIRE MEDICAL SYSTEMS, INC.,<br><br>                Defendant /<br>                Counter-Plaintiff. | C.A. No. 25-1147-JCB<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS NYXOAH, INC. AND NYXOAH SA'S ANSWER TO INSPIRE MEDICAL SYSTEMS, INC.'S COUNTERCLAIMS

Plaintiffs and Counterclaim Defendants, Nyxoah, Inc. and Nyxoah SA (collectively "Nyxoah" or "Plaintiffs") hereby respond to Inspire Medical Systems, Inc.'s ("Inspire" or "Defendant") Counterclaims seeking declaratory judgment ("Counterclaims") in C.A. No. 25-667-JCB.  (D.I. 100).

## ANSWER

### RESPONSE TO "INSPIRE'S COUNTERCLAIMS"

1.     Defendants and Counterclaim Plaintiff Inspire Medical Systems, Inc. ("Inspire" or "Defendant"), assert the following counterclaims against Plaintiffs Nyxoah, Inc. and Nyxoah SA (collectively, "Nyxoah" or "Plaintiffs"). Inspire brings these counterclaims seeking declaratory judgment that Inspire has not infringed, does not infringe, and will not infringe any valid or enforceable claim of U.S. Patent Nos. 700,183 (the "'183 Patent"), 9,415,215 (the "'215 Patent"), and 9,415,216 (the "'216 Patent") (collectively, the "Patents-in-Suit")..

**RESPONSE:**  Nyxoah admits that Inspire asserts counterclaims against Nyxoah seeking declaratory judgment of non-infringement of the '183 Patent, '215 Patent, and '216 Patent. Nyxoah denies that Inspire has not infringed, does not infringe, or will not infringe any valid or enforceable claim of the '183 Patent, '215 Patent, or '216 Patent, denies that Inspire is entitled to the declaratory judgment it seeks, and denies any remaining allegations of paragraph 1.

### RESPONSE TO "NATURE OF THE ACTION"

2.     Inspire is a leading medical technology company focused on developing pioneering neurostimulation treatments for people struggling with obstructive sleep apnea ("OSA"). Inspire also brought to market the first FDA-approved OSA treatment of its kind.  Through hard work and innovation, Inspire succeeded in developing a neurostimulation implant that could provide life-changing sleep for OSA patients without the need for a mask. Inspire received FDA approval in 2014 and, to date, Inspire's groundbreaking device has been implanted in over 100,000 patients.

**RESPONSE:**  Nyxoah admits upon information and belief that Inspire received FDA approval in 2014.  Nyxoah lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 and, on that basis, denies them.

3.    On information and belief, Nyxoah piggybacked on Inspire's success with its follow-on "Genio" product, which also treats OSA through neurostimulation implant. After selling Genio abroad for the past five years, Nyxoah launched Genio in the United States, following FDA approval in August 2025.

**RESPONSE:**  Nyxoah admits that its Genio product treats obstructive sleep apnea through a neurostimulation implant, that Genio has been sold outside the United States, and that Nyxoah launched Genio in the United States following FDA approval in August 2025.  Nyxoah denies that it "piggybacked" on Inspire's success and denies the remaining allegations of paragraph 3.

4.    Observing the success of Inspire, Observing the success of Inspire, Nyxoah intends to enter the U.S. OSA treatment market—which Nyxoah identified as its "largest market opportunity." Nyxoah's business strategy consists of piggybacking on the hard work and innovations of Inspire in order to sell a follow-on product. "Nyxoah S.A. (NASDAQ: NYXH) Q1 2025 Earnings Call Transcript," Insider Monkey, https://www.insidermonkey.com/blog/nyxoah-s-a-nasdaqnyxh-q1-2025-earnings-call-transcript-1534289/?utm_medium=referral&utm_source=msn-news.

**RESPONSE:**  Nyxoah admits that it has entered the U.S. OSA treatment market, and states that the referenced earnings call transcript speaks for itself.  Nyxoah denies that its business strategy consists of "piggybacking" on Inspire, denies that Inspire has created "innovations," and denies the remaining allegations of paragraph 4.

5.    Indeed, in its May 2025 earnings call, Nyxoah identified itself as a "*smart follower*" of Inspire. *Id.* In Nyxoah's words: "*It's always nice to be second, meaning that there was a lot of heavy lifting done by competition.*" *Id.*[1]

**RESPONSE:** Nyxoah admits that it participated in a May 2025 earnings call, the transcript of which speaks for itself.  Nyxoah denies Inspire's characterizations and denies the remaining allegations of paragraph 5.

6.    Despite the advantages of Inspire's OSA devices, Nyxoah brought this action alleging infringement of, *inter alia*, the '183 Patent, '215 Patent, and '216 Patent after Inspire expended significant resources, time, and effort in developing and seeking FDA approval for its OSA treatment so that Inspire can offer its pioneering treatments for people struggling with OSA.

**RESPONSE:**  Nyxoah admits that it brought this action alleging infringement of, among other patents, the '183 Patent, '215 Patent, and '216 Patent.  Nyxoah denies Inspire's characterizations and denies the remaining allegations of paragraph 6.

7.    Through this action, Nyxoah seeks to leverage at least the '183 Patent, '215 Patent, and '216 Patent to impede Inspire from capitalizing on its extensive investment in its OSA devices. Inspire therefore seeks declaratory judgement that the claims of the '183 Patent, '215 Patent, and '216 Patent have not, are not, and will not be infringed, and that the claims of the '183 Patent, '215 Patent, and '216 Patent are invalid and unenforceable.

**RESPONSE:** Nyxoah admits that Inspire purports to seek declaratory judgments concerning the '183 Patent, '215 Patent, and '216 Patent.  Nyxoah denies that the claims of the '183 Patent, '215 Patent, and '216 Patent are not infringed, invalid, or unenforceable, denies that Nyxoah seeks to improperly impede Inspire, and denies the remaining allegations of paragraph 7.

---

[1] Unless otherwise stated, any emphasis within a quote is added.

**RESPONSE TO "THE PARTIES"**

8.      Counter Plaintiff Medical Systems, Inc. is a company organized and existing under the laws of the Delaware, with its corporate offices and principal place of business at 5 500 Wayzata Blvd., Suite 1600, Golden Valley, Minnesota 55416 United States.

**RESPONSE:** Nyxoah admits that Inspire Medical Systems, Inc. is organized and existing under the laws of Delaware, with its corporate offices and principal place of business at 5500 Wayzata Blvd., Suite 1600, Golden Valley, Minnesota 55416.

9.      On information and belief, and as alleged in Nyxoah's First Amended Complaint, Counter Defendant Nyxoah SA is an entity organized and existing under the laws of Belgium, with its principal place of business at Rue Edouard Belin 12, 1435 Mont-Saint-Guibert, Belgium.

**RESPONSE:** Nyxoah admits the allegations of paragraph 9.

10.      On information and belief, and as alleged in Nyxoah's First Amended Complaint, Counter Defendant Nyxoah, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 350 Springfield Ave., Suite 200, Summit, New Jersey 07901 United States.

**RESPONSE:** Nyxoah admits the allegations of paragraph 10.

**RESPONSE TO "JURISDICTION AND VENUE"**

11.      These Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. This Court has subject matter jurisdiction to hear Inspire's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**RESPONSE:** Nyxoah admits that Inspire's counterclaims purport to arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States,

5

and admits that this Court has subject matter jurisdiction over Inspire's counterclaims. Nyxoah denies that Inspire is entitled to any relief.

12.    This Court has personal jurisdiction over Nyxoah SA and Nyxoah, Inc. at least because Nyxoah consented to jurisdiction by suing Inspire in this District.

**RESPONSE:** Nyxoah admits that this Court has personal jurisdiction over Nyxoah SA and Nyxoah, Inc. for purposes of this action. Nyxoah denies the remaining allegations of paragraph 12 to the extent they are inconsistent with the foregoing.

13.    In addition, this Court has personal jurisdiction over Nyxoah Inc. because it is a company organized and existing under the laws of Delaware and thus resides in this District. This Court has personal jurisdiction over Nyxoah, Inc. because, on information and belief, Nyxoah, Inc. will engage in persistent course of conduct within Delaware by continuously and systematically placing goods into the stream of commerce for distribution throughout the United States, including Delaware.

**RESPONSE:** Nyxoah admits that Nyxoah, Inc. is organized and existing under the laws of Delaware and that this Court has personal jurisdiction over Nyxoah, Inc. for purposes of this action. Nyxoah denies the remaining allegations of paragraph 13 to the extent they are inconsistent with the foregoing.

14.    Venue is legally proper in this District under 28 U.S.C. §§ 1391 and 1400(b), at least because Nyxoah, Inc. is incorporated in Delaware and therefore resides in this District.

**RESPONSE:** Nyxoah admits that venue is proper in this District for purposes of Inspire's counterclaims. Nyxoah denies the remaining allegations of paragraph 14 to the extent they are inconsistent with the foregoing.

15.    Venue is legally proper in this District under 28 U.S.C. §§ 1391 and 1400(b), at least because Nyxoah SA is a foreign corporation, and is not a resident of the United States and therefore may be sued in any judicial district.

**RESPONSE:**  Nyxoah admits that venue is proper in this District for purposes of Inspire's counterclaims. Nyxoah denies the remaining allegations of paragraph 15 to the extent they are inconsistent with the foregoing.

### RESPONSE TO "THE '183, '215, AND '216 PATENTS"

16.    Nyxoah asserts in this case the '183 Patent. On its face the '183 Patent is entitled "Devices and Methods for Low Current Neural Modulation" and issued on April 15, 2014. On its face, the '183 Patent is assigned to Nyxoah SA.

**RESPONSE:**  Nyxoah admits that it asserts the '183 Patent in this case, that the '183 Patent is entitled "Devices and Methods for Low Current Neural Modulation," that it bears an issue date of April 15, 2014, and that it is assigned to Nyxoah SA.  Nyxoah further responds that the '183 Patent speaks for itself.

17.    The '183 Patent's claim, on its face, recite, "[a] sleep disordered breathing treatment device." For example, claim 1 recites:

a.    A sleep disordered breathing treatment device, comprising:

an implantable circuit;

at least one pair of implantable electrodes, electrically connected with the implantable circuit, wherein the circuit and the electrodes are configured for implantation in a subject proximal to a genioglossus muscle in the vicinity of a hypoglossal nerve; and

wherein the circuit is configured to deliver to the electrodes an electrical signal having a current less than about 1.6 milliamps, and

wherein the electrodes are configured to emit an electric field such that a portion of the field lines extend along a length of the hypoglossal nerve such that the delivery

7

of the electrical signal of less than about 1.6 milliamps causes modulation of the hypoglossal nerve from a location spaced apart from the hypoglossal nerve and external to a blood vessel.

**RESPONSE:** Nyxoah admits that the quoted language appears in claim 1 of the '183 Patent. Nyxoah further responds that the '183 Patent speaks for itself and denies any characterization inconsistent with its actual language.

18. Nyxoah asserts in this case the '215 Patent. On its face, the '215 Patent is entitled "Methods for Treatment of Sleep Apnea" and issued on August 16, 2016. On its face, the '215 Patent is assigned to Nyxoah SA.

**RESPONSE:** Nyxoah admits that it asserts the '215 Patent in this case, that the '215 Patent is entitled "Methods for Treatment of Sleep Apnea," that it bears an issue date of August 16, 2016, and that it is assigned to Nyxoah SA. Nyxoah further responds that the '215 Patent speaks for itself.

19. The '215 Patent's claims, on its face, recite, "[a] method for treating sleep apnea." For example, claim 1 recites:

a.    A method for treating sleep apnea, the method comprising:

receiving a modulation signal at an implant unit implanted at an internal location on an underside of a subject's chin;

applying the modulation signal to at least one pair of electrodes associated with the implant unit to generate an electric field; and

causing modulation of a hypoglossal nerve of the subject in response to the electric field generated by the at least one pair of electrodes, wherein the modulation of the hypoglossal nerve is confined to a medial branch of the hypoglossal nerve and initiated from a single modulation site along the medial branch.

**RESPONSE:** Nyxoah admits that the quoted language appears in claim 1 of the '215 Patent. Nyxoah further responds that the '215 Patent speaks for itself and denies any characterization inconsistent with its actual language.

20. Nyxoah asserts in this case the '216 Patent. On its face, the '216 Patent is entitled "Devices for Treatment of Sleep Apnea" and issued on August 16, 2016. On its face, the '216 Patent is assigned to Nyxoah SA.

**RESPONSE:** Nyxoah admits that it asserts the '216 Patent in this case, that the '216 Patent is entitled "Devices for Treatment of Sleep Apnea," that it bears an issue date of August 16, 2016, and that it is assigned to Nyxoah SA. Nyxoah further responds that the '216 Patent speaks for itself.

21. The '216 Patent's claims, on its face, recite, "[a] system for the treatment of sleep apnea." For example, claim 1 recites:

a. A system for the treatment of sleep apnea, the system comprising:

a flexible carrier;

at least one pair of stimulation electrodes disposed on the carrier; and

a neurostimulation device configured to transfer power to the at least one pair of stimulation electrodes;
wherein the flexible carrier is configured for location proximate to a genioglossus muscle of a subject such that the at least one pair of stimulation electrodes cause dilation of an airway of the subject solely through stimulation of a portion of the subject's hypoglossal nerve through application of an electric field to a single section of a medial branch of the hypoglossal nerve distal of a terminal bifurcation of the hypoglossal nerve into lateral and medial branches.

**RESPONSE:** Nyxoah admits that the quoted language appears in claim 1 of the '216 Patent. Nyxoah further responds that the '216 Patent speaks for itself and denies any characterization inconsistent with its actual language.

**RESPONSE TO "FIRST COUNTERCLAIM"**
**Declaratory Judgment of Noninfringement of the '183 Patent**

22.    Inspire repeats, re-alleges, and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 21 of the Counterclaims.

**RESPONSE:**  Nyxoah repeats and incorporates by reference its responses to paragraphs 1 through 21 as if fully set forth herein.

23.    At the time of filing of Nyxoah's original Complaint and First Amended Complaint, Nyxoah SA was listed as the assignee of the '183 Patent. Nyxoah has alleged that Nyxoah, Inc. is an exclusive licensee of the '183 Patent.

**RESPONSE:**  Nyxoah admits that, at the time of the filing of Nyxoah's original Complaint and First Amended Complaint, Nyxoah SA was listed as the assignee of the '183 Patent and admits that Nyxoah has alleged that Nyxoah, Inc. is an exclusive licensee of the '183 Patent.

24.    A case or controversy exists between Inspire and Nyxoah because Nyxoah has alleged that Inspire infringed and will infringe the '183 Patent.

**RESPONSE:**  Nyxoah admits that it has alleged that Inspire has infringed and will infringe the '183 Patent and admits that an actual case or controversy exists with respect to infringement of the '183 Patent.

25.    Inspire's accused Inspire IV and V products have not infringed any claims of the '183 Patent, including, as an example, claim 1, at least because they do not meet the combination of features recited in claim 1, such as "wherein the electrodes are configured to emit an electric field such that a portion of the field lines extend along a length of the hypoglossal nerve such that the delivery of the electrical signal of less than about 1.6 milliamps causes modulation of the hypoglossal nerve from a location spaced apart from the hypoglossal nerve and external to a blood vessel."

**RESPONSE:** Denied.

26. Inspire has not infringed, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid or enforceable claim of the '183 Patent under 35 U.S.C. § 271.

**RESPONSE:** Denied.

27. By virtue of the foregoing, Inspire desires a judicial determination of its rights and duties with respect to any alleged infringement of the '183 Patent.

**RESPONSE:** Nyxoah admits that Inspire seeks a judicial determination that it does not infringe the '183 Patent. Nyxoah denies that Inspire is entitled to any such determination and denies the remaining allegations of paragraph 27.

28. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

**RESPONSE:** Nyxoah denies that a judicial declaration in Inspire's favor is necessary or appropriate and denies the remaining allegations of paragraph 28.

29. This case is an exceptional one, and Inspire is entitled to an award of reasonable attorney fees under 35 U.S.C. § 285.

**RESPONSE:** Nyxoah denies the allegations of paragraph 29, including that this is an exceptional case or that Inspire is entitled to an award of attorney fees under 35 U.S.C. § 285.

**RESPONSE TO "SECOND COUNTERCLAIM"**
**Declaratory Judgment of Invalidity of the '183 Patent**

30. Inspire repeats, re-alleges, and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 29 of the Counterclaims.

**RESPONSE:** Nyxoah repeats and incorporates by reference its responses to paragraphs 1 through 29 as if fully set forth herein.

11

31.     At the time of filing of Nyxoah's original Complaint and First Amended Complaint, Nyxoah SA was listed as the assignee of the '183 Patent. Nyxoah has alleged that Nyxoah, Inc. is an exclusive licensee of the '183 Patent.

**RESPONSE:** Nyxoah admits that, at the time of the filing of Nyxoah's original Complaint and First Amended Complaint, Nyxoah SA was listed as the assignee of the '183 Patent and admits that Nyxoah has alleged that Nyxoah, Inc. is an exclusive licensee of the '183 Patent.

32.     A case or controversy exists between Inspire and Nyxoah because Nyxoah has alleged that Inspire infringed and will infringe the '183 Patent.

**RESPONSE:** Nyxoah admits that it has alleged that Inspire has infringed and will infringe the '183 Patent and admits that an actual case or controversy exists with respect to the '183 Patent.

33.     The claims of the '183 Patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and/or 112 under judicially created doctrines of invalidity.

**RESPONSE:** Denied.

34.     The claims of the '183 Patent, as an example, are invalid under 35 U.S.C. §§ 102 and/or 103 in view of at least U.S. Patent Application No. 2005/0085874 A1 and/or U.S. Patent No. 7,725,195 B2.

**RESPONSE:** Denied.

35.     By virtue of the foregoing, Inspire desires a judicial determination of its rights and duties with respect to any alleged validity of the '183 Patent.

**RESPONSE:**  Nyxoah admits that Inspire seeks a judicial determination that the '183 Patent is invalid.  Nyxoah denies that Inspire is entitled to any such determination and denies the remaining allegations of paragraph 35.

36.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

**RESPONSE:**  Nyxoah denies that a judicial declaration in Inspire's favor is necessary or appropriate and denies the remaining allegations of paragraph 36.

37.     This case is an exceptional one, and Inspire is entitled to an award of reasonable attorney fees under 35 U.S.C. § 285.

**RESPONSE:**  Nyxoah denies the allegations of paragraph 37, including that this is an exceptional case or that Inspire is entitled to an award of attorney fees under 35 U.S.C. § 285.

**RESPONSE TO "THIRD COUNTERCLAIM"**
**Declaratory Judgment of Noninfringement of the '215 Patent**

38.     Inspire repeats, re-alleges, and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 37 of the Counterclaims.

**RESPONSE:**  Nyxoah repeats and incorporates by reference its responses to paragraphs 1 through 37 as if fully set forth herein.

39.     At the time of filing of Nyxoah's original Complaint and First Amended Complaint, Nyxoah SA was listed as the assignee of the '215 Patent. Nyxoah has alleged that Nyxoah, Inc. is an exclusive licensee of the '215 Patent.

**RESPONSE:**  Nyxoah admits that, at the time of the filing of Nyxoah's original Complaint and First Amended Complaint, Nyxoah SA was listed as the assignee of the '215 Patent and admits that Nyxoah has alleged that Nyxoah, Inc. is an exclusive licensee of the '215 Patent.

13

40.    A case or controversy exists between Inspire and Nyxoah because Nyxoah has alleged that Inspire infringed and will infringe the '215 Patent.

**RESPONSE:**  Nyxoah admits that it has alleged that Inspire has infringed and will infringe the '215 Patent and admits that an actual case or controversy exists with respect to infringement of the '215 Patent.

41.    Inspire's accused Inspire IV and V products have not infringed any claims of the '215 Patent, including, as an example, claim 1, at least because they do not meet the combination of features recited in claim 1, such as "causing modulation of a hypoglossal nerve of the subject in response to the electric field generated by the at least one pair of electrodes, wherein the modulation of the hypoglossal nerve is confined to a medial branch of the hypoglossal nerve and initiated from a single modulation site along the medial branch."

**RESPONSE:**  Denied.

42.    Inspire has not infringed, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid or enforceable claim of the '215 Patent under 35 U.S.C. § 271.

**RESPONSE:**  Denied.

43.    By virtue of the foregoing, Inspire desires a judicial determination of its rights and duties with respect to any alleged infringement of the '215 Patent.

**RESPONSE:**  Nyxoah admits that Inspire seeks a judicial determination that it does not infringe the '215 Patent.  Nyxoah denies that Inspire is entitled to any such determination and denies the remaining allegations of paragraph 43.

44.    A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

14

**RESPONSE:** Nyxoah denies that a judicial declaration in Inspire's favor is necessary or appropriate and denies the remaining allegations of paragraph 44.

45.    This case is an exceptional one, and Inspire is entitled to an award of reasonable attorney fees under 35 U.S.C. § 285.

**RESPONSE:** Nyxoah denies the allegations of paragraph 45, including that this is an exceptional case or that Inspire is entitled to an award of attorney fees under 35 U.S.C. § 285.

**RESPONSE TO "FOURTH COUNTERCLAIM"**
**Declaratory Judgment of Invalidity of the '215 Patent**

46.    Inspire repeats, re-alleges, and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 45 of the Counterclaims.

**RESPONSE:** Nyxoah repeats and incorporates by reference its responses to paragraphs 1 through 45 as if fully set forth herein.

47.    At the time of filing of Nyxoah's original Complaint and First Amended Complaint, Nyxoah SA was listed as the assignee of the '215 Patent. Nyxoah has alleged that Nyxoah, Inc. is an exclusive licensee of the '215 Patent.

**RESPONSE:** Nyxoah admits that, at the time of the filing of Nyxoah's original Complaint and First Amended Complaint, Nyxoah SA was listed as the assignee of the '215 Patent and admits that Nyxoah has alleged that Nyxoah, Inc. is an exclusive licensee of the '215 Patent.

48.    A case or controversy exists between Inspire and Nyxoah because Nyxoah has alleged that Inspire infringed and will infringe the '215 Patent.

**RESPONSE:** Nyxoah admits that it has alleged that Inspire has infringed and will infringe the '215 Patent and admits that an actual case or controversy exists with respect to the '215 Patent.

49.     The claims of the '215 Patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and/or 112 under judicially created doctrines of invalidity.

**RESPONSE:** Denied.

50.     The claims of the '215 Patent, as an example, are invalid under 35 U.S.C. §§ 102 and/or 103 in view of at least Elise, et al., Direct Hypoglossal Nerve Stimulation in Obstructive Sleep Apnea, J. of the Am. Med. Ass'n Otolaryngology – Head & Neck Surgery, Vol. 123:1, 57-61 (1997) and/or U.S. Patent No. 7,725,195 B2.

**RESPONSE:** Denied.

51.     By virtue of the foregoing, Inspire desires a judicial determination of its rights and duties with respect to any alleged validity of the '215 Patent.

**RESPONSE:**  Nyxoah admits that Inspire seeks a judicial determination that the '215 Patent is invalid.  Nyxoah denies that Inspire is entitled to any such determination and denies the remaining allegations of paragraph 51.

52.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

**RESPONSE:**  Nyxoah denies that a judicial declaration in Inspire's favor is necessary or appropriate and denies the remaining allegations of paragraph 52.

53.     This case is an exceptional one, and Inspire is entitled to an award of reasonable attorney fees under 35 U.S.C. § 285.

**RESPONSE:**  Nyxoah denies the allegations of paragraph 53, including that this is an exceptional case or that Inspire is entitled to an award of attorney fees under 35 U.S.C. § 285.

**RESPONSE TO "FIFTH COUNTERCLAIM"**
**Declaratory Judgment of Noninfringement of the '216 Patent**

54.     Inspire repeats, re-alleges, and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 53 of the Counterclaims.

**RESPONSE:**   Nyxoah repeats and incorporates by reference its responses to paragraphs 1 through 53 as if fully set forth herein.

55.     At the time of filing of Nyxoah's original Complaint and First Amended Complaint, Nyxoah SA was listed as the assignee of the '216 Patent. Nyxoah has alleged that Nyxoah, Inc. is an exclusive licensee of the '216 Patent.

**RESPONSE:**   Nyxoah admits that, at the time of the filing of Nyxoah's original Complaint and First Amended Complaint, Nyxoah SA was listed as the assignee of the '216 Patent and admits that Nyxoah has alleged that Nyxoah, Inc. is an exclusive licensee of the '216 Patent.

56.     A case or controversy exists between Inspire and Nyxoah because Nyxoah has alleged that Inspire infringed and will infringe the '216 Patent.

**RESPONSE:**   Nyxoah admits that it has alleged that Inspire has infringed and will infringe the '216 Patent and admits that an actual case or controversy exists with respect to infringement of the '216 Patent.

57.     Inspire has not infringed, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid or enforceable claim of the '216 Patent under 35 U.S.C. § 271.

**RESPONSE:**   Denied.

58.     Inspire's accused Inspire IV and V products have not infringed any claims of the '216 Patent, including, as an example, claim 1, at least because they do not meet the combination of features recited in claim 1, such as "wherein the flexible carrier is configured for location

17

proximate to a genioglossus muscle of a subject such that the at least one pair of stimulation electrodes cause dilation of an airway of the subject solely through stimulation of a portion of the subject's hypoglossal nerve through application of an electric field to a single section of a medial branch of the hypoglossal nerve distal of a terminal bifurcation of the hypoglossal nerve into lateral and medial branches."

**RESPONSE:** Denied.

59.    By virtue of the foregoing, Inspire desires a judicial determination of its rights and duties with respect to any alleged infringement of the '216 Patent.

**RESPONSE:** Nyxoah admits that Inspire seeks a judicial determination that it does not infringe the '216 Patent. Nyxoah denies that Inspire is entitled to any such determination and denies the remaining allegations of paragraph 59.

60.    A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

**RESPONSE:** Nyxoah denies that a judicial declaration in Inspire's favor is necessary or appropriate and denies the remaining allegations of paragraph 60.

61.    This case is an exceptional one, and Inspire is entitled to an award of reasonable attorney fees under 35 U.S.C. § 285.

**RESPONSE:** Nyxoah denies the allegations of paragraph 61, including that this is an exceptional case or that Inspire is entitled to an award of attorney fees under 35 U.S.C. § 285.

**RESPONSE TO "SIXTH COUNTERCLAIM"**
**Declaratory Judgment of Invalidity of the '216 Patent**

62.    Inspire repeats, re-alleges, and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 61 of the Counterclaims.

**RESPONSE:** Nyxoah repeats and incorporates by reference its responses to paragraphs 1 through 61 as if fully set forth herein.

63.     At the time of filing of Nyxoah's original Complaint and First Amended Complaint, Nyxoah SA was listed as the assignee of the '216 Patent. Nyxoah has alleged that Nyxoah, Inc. is an exclusive licensee of the '216 Patent.

**RESPONSE:** Nyxoah admits that, at the time of the filing of Nyxoah's original Complaint and First Amended Complaint, Nyxoah SA was listed as the assignee of the '216 Patent and admits that Nyxoah has alleged that Nyxoah, Inc. is an exclusive licensee of the '216 Patent.

64.     A case or controversy exists between Inspire and Nyxoah because Nyxoah has alleged that Inspire infringed and will infringe the '216 Patent.

**RESPONSE:** Nyxoah admits that it has alleged that Inspire has infringed and will infringe the '216 Patent and admits that an actual case or controversy exists with respect to the '216 Patent.

65.     The claims of the '216 Patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and/or 112 under judicially created doctrines of invalidity.

**RESPONSE:** Denied.

66.     The claims of the '216 Patent, as an example, are invalid under 35 U.S.C. §§ 102 and/or 103 in view of at least Elise, et al., Direct Hypoglossal Nerve Stimulation in Obstructive Sleep Apnea, J. of the Am. Med. Ass'n Otolaryngology – Head & Neck Surgery, Vol. 123:1, 57-61 (1997) and/or U.S. Patent No. 7,725,195 B2.

**RESPONSE:** Denied.

19

67.     By virtue of the foregoing, Inspire desires a judicial determination of its rights and duties with respect to any alleged validity of the '216 Patent.

**RESPONSE:**  Nyxoah admits that Inspire seeks a judicial determination that the '216 Patent is invalid.  Nyxoah denies that Inspire is entitled to any such determination and denies the remaining allegations of paragraph 67.

68.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

**RESPONSE:**  Nyxoah denies that a judicial declaration in Inspire's favor is necessary or appropriate and denies the remaining allegations of paragraph 68.

69.     This case is an exceptional one, and Inspire is entitled to an award of reasonable attorney fees under 35 U.S.C. § 285.

**RESPONSE:**  Nyxoah denies the allegations of paragraph 69, including that this is an exceptional case or that Inspire is entitled to an award of attorney fees under 35 U.S.C. § 285.

## RESPONSE TO "PRAYER FOR RELIEF"

Nyxoah denies that Inspire is entitled to any of the relief requested in any of paragraphs (A) through (H) of its Prayer for Relief.

## RESPONSE TO "JURY DEMAND"

To the extent any response is required to Inspire's Jury Demand, Nyxoah admits that Inspire requests a trial by jury.  Nyxoah similarly requests a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

1.     Subject to the responses above, on information and belief, Nyxoah alleges and asserts at least the following defenses in response to Inspire's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless or how such defenses are named herein. In addition to the defenses described below, subject to the responses

20

above, Nyxoah specifically reserves all rights to allege additional defenses that are not required to be pleaded or that become known through the court of discovery.

### FIRST DEFENSE
### (Failure to State a Claim)

2.      Inspire's Counterclaims fail to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (No Costs or Attorneys' Fees)

3.      Inspire cannot prove entitlement to costs and/or attorneys' fees pursuant to 34 U.S.C. § 285.

### THIRD DEFENSE
### (Other Defenses)

4.      Nyxoah reserves the right to supplement or amend this Answer and reserves all defenses set out in Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, which become applicable during the course of discovery or otherwise in the course of litigation.

### PRAYER FOR RELIEF

**WHEREFORE**, Nyxoah denies that Inspire is entitled to the judgment and relief requested in Inspire's Counterclaims, and respectfully requests that this Court enter judgment in Nyxoah's favor and against Inspire on the counterclaims set forth above, and respectfully requests that this Court:

A.      Dismiss Inspire's counterclaims with prejudice;

B.      Deny any and all relief that Inspire seeks;

C.      Grant Nyxoah the relief that it requests in its Complaint; and

D.      Award Nyxoah such further and additional relief as this Court deems just and proper.

21

Dated: July 13, 2026

Respectfully submitted,

**DUANE MORRIS LLP**

**OF COUNSEL:**

*/s/ Monté T. Squire*

L. Norwood Jameson*
**DUANE MORRIS LLP**
1075 Peachtree Street, NE, Suite 1700
Atlanta, GA 30309-3929
wjameson@duanemorris.com

Monté T. Squire (No. 4764)
Philip G. Han (No. 7408)
1201 N. Market Street, Suite 501
Wilmington, DE 19801
Telephone: (302) 657-4900
mtsquire@duanemorris.com
pghan@duanemorris.com

Anthony J. Fitzpatrick*
Charlotte Drew*
Poornarchita Dwarakanath*
**DUANE MORRIS LLP**
100 High Street, Suite 2400
Boston, MA 02110-1724
ajfitzpatrick@duanemorris.com
cdrew@duanemorris.com
pdwarakanath@duanemorris.com

*Attorneys for Nyxoah, Inc. and Nyxoah SA*

Diana M. Sangalli, P.C.*
**DUANE MORRIS LLP**
1300 Post Oak Boulevard, Suite 1500
Houston, TX 77056
dmsangalli@duanemorris.com

Jarrad M. Gunther*
Daniel Tarr*
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
jmgunther@duanemorris.com
dtarr@duanemorris.com

*admitted *pro hac vice*